**LAW OFFICES OF NICHOLAS J. PALMA, ESQ., P.C.**
**Valerie Palma DeLuisi, Esq.**
1425 Broad Street, Second Floor
Clifton, New Jersey 07013
Phone: 973-471-1121
Facsimile: 973-472-0032
VPD@PalmaLawFirm.com
*Attorney for Plaintiff Edward Esposito*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ESPOSITO,<br>    Plaintiff,<br><br>      v.<br><br>COUNTY OF ESSEX,<br>    Defendant. | **COMPLAINT& JURY DEMAND** |

**PLAINTIFF EDWARD ESPOSITO**, by and through his undersigned counsel, Valerie Palma DeLuisi, Esq. of the Law Offices of Nicholas J. Palma, Esq., P.C., by way of Complaint against Defendant County of Essex, does hereby state as follows:

### PARTIES

1. Plaintiff Edward Esposito, for all times relevant herein was and is employed by the County of Essex, as a Captain of Essex County Sheriff's Office.

2. Defendant County of Essex is a governmental entity organized under the laws of the State of New Jersey, with its principal offices located at the Hall of Records, 465 Dr. Martin Luther King, Jr. Blvd., in the City of Newark, County of Essex, State of New Jersey.

## JURISDICTION

3. United States District Court for the District of New Jersey has original subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1331.

4. United States District Court for the District of New Jersey has supplemental jurisdiction over New Jersey State Law claims that form part of within case and controversy, pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly vested in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, as Plaintiff and Defendant reside or are headquartered in the State of New Jersey, and the claims herein arose within the jurisdictional limits of the United States District Court for the District of New Jersey.

## FACTUAL BACKGROUND

6. Since 2002, Plaintiff Esposito has been employed by Defendant County of Essex, as a sworn member of Essex County Sheriff's Office.

7. For the statutorily relevant time period, Plaintiff has been employed at the rank of Captain responsible for the K-9/Bomb Disposal Unit, Communications Infrastructure, Special Events, Hostage Negotiations, Fleet Management, and the Motorcycle Squad.

8. *In addition* to the above, Plaintiff is and has been the County's Commanding Officer of its Office of Emergency Management.

9. As the Commanding Officer of the Office of Emergency Management ("OEM"), Plaintiff was largely, although not single-handedly, responsible for the County's emergency

response to the COVID-19 pandemic, which included but was not limited to vaccine sites, testing sites, distribution of PPE to other first response agencies, and coordinating State and Local response to the COVID-19 pandemic.

10. For the statutorily relevant time period, especially since March 2020, individuals above Plaintiff on the chain of command, including Undersheriffs, received large amounts of overtime compensation, including compensation for work they performed virtually.

11. Conversely, for the statutorily relevant time period, Plaintiff performed many hours of work for Defendant, for which he was not paid. This consisted of time spent working virtually and time spent "on-call."

12. As a result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and substantial monetary damages.

**COUNT ONE**
**VIOLATION OF 29 U.S.C. § 203,** *et seq.*
**KNOWN AS THE FAIR LABOR STANDARDS ACT**
**("FLSA")**

13. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint, as if set forth at length herein.

14. Defendant County of Essex is both an employer and a public agency, as defined by the FLSA, 29 U.S.C. § 203.

15. At all times relevant herein, Plaintiff is and was entitled to all rights, benefits and protections afforded by the FLSA.

16. At all times relevant herein, Defendant is and was fully aware of the provisions and requirements of the FLSA.

17. During the applicable statutory time period, Plaintiff performed work for which he was not compensated in accordance with the FLSA. Particularly, Plaintiff worked in excess of the statutory maximum number of hours provided for in the FLSA without receiving compensation for such excess hours at a rate of one and one-half times his regular hourly rate of compensation.

18. In addition, during the applicable statutory period, Plaintiff performed "on-call" duties by order of the defendant, for which he was entitled to compensation but was not paid.

19. Because Defendant is and at all times relevant herein was aware that Plaintiff is entitled to the aforementioned compensation, the failure by Defendant to compensate such overtime and "on-call" time is a knowing, willful and/or reckless violation of the FLSA, which extends the applicable time for which Defendant is liable to Plaintiff, from two (2) years to three (3) years.

20. Defendant is liable to Plaintiff for unpaid overtime compensation, unpaid "on-call" time compensation, liquidated damages in an equal amount to compensation, for reasonable attorney's fees and for costs of this action.

**WHEREFORE**, Plaintiff Edward Esposito hereby demands judgment against Defendant County of Essex as follows:

   a) Judgment declaring that Defendant has willfully, recklessly and knowingly violated its statutory and legal obligations and deprived Plaintiff of the rights, protections and entitlements afforded to him under federal law, including but not necessarily limited to the Fair Labor Standards Act, as alleged herein;

   b) An Order for a complete and accurate accounting of all compensation owed to Plaintiff by Defendant;

   c) Monetary Damages for unpaid overtime and "on-call" time compensation, Liquidated Damages in an equal amount to unpaid compensation, Prejudgment and Post-judgment Interest, reasonable Attorney's Fees and Reimbursement for costs of this action; and

   d) For such other relief as this Honorable Court deems equitable and just.

## DUTY TO PRESERVE

All applicable employment, training, payroll, telephone, email and/or other records pertaining to the within litigation are in the exclusive possession, custody and control of Defendant. Defendant is hereby notified of the duty imposed by 29 U.S.C. § 211(c) to maintain and preserve employment, training, payroll, telephone, email and/or other records with respect to the within plaintiff, so that the sum of Defendants' liability may be ascertained.

Additionally, Defendants are officially on notice of the legal duty to preserve any and all evidence relevant to the within action, in addition to the records outlined above. The additional evidence that must be preserved includes but is not limited to emails, letters, correspondence, memoranda, notes, journal entries, social media (Facebook, Twitter, LinkedIn, etc.) messages and status updates, tweets, text messages, instant messages, audio or video recordings, phone messages, voicemails, business documents and/or records of whatsoever nature or kind, personnel files, financial records and notes relating to those records, and/or any other documents or records in any form relating to Plaintiff Edward Esposito.

Should Defendant or any employee or agent thereof intentionally, recklessly, negligently or inadvertently destroy, alter, amend, change or adjust any of the above-referenced materials, including electronic correspondence between Plaintiff and any Defendant or employee/agent thereof, sanctions will be sought in this litigation and an additional claim for spoliation/negligent concealment will be instituted.

## DESIGNATION OF TRIAL COUNSEL

**VALERIE PALMA DELUISI, ESQ.** is hereby designated as trial counsel for Plaintiff Edward Esposito.

## TRIAL BY JURY

Plaintiff hereby requests trial by jury as to all matters so triable.

## CERTIFICATION

The undersigned attorney for Plaintiff Edward Esposito hereby certifies that to the best of her knowledge, information and belief, the matter is controversy is not the subject of any other action and/or arbitration proceeding, nor is any other action or arbitration proceeding contemplated at this time.

The undersigned further certifies that to the best of her knowledge, information and belief, no other party should be joined in the within action at this time.

        Respectfully Submitted,
      **LAW OFFICES OF NICHOLAS J. PALMA, ESQ., P.C.,**
      *Attorneys for Plaintiff Edward Esposito*

Dated: May 2, 2022       By: s/*Valerie Palma DeLuisi*
                                    Valerie Palma DeLuisi, Esq.